UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊

**MICHAEL T. CHICHERCHIA,**

                         **Petitioner,**

                **-v-**                      **9:16-CV-1027 (NAM/ATB)**

**THOMAS GRIFFIN, Superintendent,**

                         **Respondent**.

◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊◊

APPEARANCES:

Michael T. Chicherchia 08-B-2650
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12582
Petitioner, *pro se*

Attorney General of the State of New York
Alyson J. Gill, Esq., Assistant New York State Attorney
120 Broadway
New York, New York 10271
Attorney for Respondent

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**BACKGROUND**

On June 25, 2008, an Oneida County Court jury found petitioner guilty of predatory sexual assault against a child, criminal sexual act in the first degree, and sexual abuse in the first degree (three counts). On August 8, 2008, Oneida County Judge Michael L. Dwyer rendered judgment on the verdict. In this *habeas corpus* proceeding under 28 U.S.C. § 2254 ("section 2254") petitioner challenges the judgment of conviction on various grounds. Upon referral pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.4, United States Magistrate Judge

Andrew T. Baxter issued a Report and Recommendation (Dkt. No. 41) recommending that the Court deny and dismiss the petition and deny a certificate of appealability. The Report and Recommendation sets forth the background of the case, and the Court does not repeat it here.

The Report and Recommendation addresses all of the issues raised in the petition. In his objection to the Report and Recommendation, petitioner challenges only the conclusion that Judge Dwyer's failure *sua sponte* to order a competency hearing was not objectively unreasonable. Petitioner requests a six-month extension of time to obtain mental health records concerning the pretrial and trial phases of his prosecution. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court reviews *de novo* those parts of a report and recommendation to which a party specifically objects. The Court reviews for clear error those parts of a report and recommendation to which no party objects. *See Lin v. City of N.Y.*, 2016 WL 6962536, at *3 (S.D.N.Y. Nov. 28, 2016).

Petitioner raised the competency issue on his direct appeal to the Appellate Division, Fourth Department, and argued that the trial court should have ordered a competency hearing. In affirming, the Fourth Department rejected this contention, stating:

> We reject defendant's further contention that the court erred in failing *sua sponte* to order a competency hearing. The court had the opportunity to interact with and observe defendant, and thus the court had adequate opportunity to properly assess defendant's competency. Moreover, we note that defense counsel did not request a hearing and, as it has been observed, defense counsel was in the best position to assess defendant's capacity and request an examination pursuant to CPL 730.30.

*People v. Chicherchia*, 86 A.D.3d 953, 954, 926 N.Y.S.2d 795, 796 (4th Dep't 2011) (citations, alterations, and quotation marks omitted), *leave to appeal denied*, 17 N.Y.3d 952 (2011).

## APPLICABLE LAW

Petitioner's sole argument in his objection to the Report and Recommendation is that the trial court committed constitutional error in failing *sua sponte* to order a hearing on whether he was competent to stand trial. The Due Process Clause of the Fourteenth Amendment prohibits the criminal prosecution of a defendant who is not competent to stand trial. *See Drope v. Missouri*, 420 U.S. 162 (1975). A petitioner is entitled to relief under section 2254 only where the adjudication of a claim in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The inquiry is whether, in light of what was then known to the trial court, the failure to make further inquiry into the defendant's competence to stand trial denied him a fair trial. *See Harris v. Kuhlmann*, 346 F.3d 330, 350 (2d Cir. 2003). The Supreme Court holds that a defendant is incompetent to proceed if he "lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense." *Drope*, 420 U.S. at 171. "[S]ince incompetency involves an inability to assist in the preparation of a defense or rationally to comprehend the nature of the proceedings, failure by trial counsel to indicate the presence of such difficulties provides substantial evidence of the defendant's competence." *United States v. Vamos*, 797 F.2d 1146, 1150 (2d Cir. 1986). Similarly, "deference is owed to the [trial] court's determinations based on observation of the defendant during the proceedings." *Id.* "[S]ome degree of mental illness cannot be equated with incompetence to stand trial." *Id.* The relevant question is "whether it was *objectively unreasonable* for the state trial court to have concluded (and the state appeals court to have agreed) that the circumstances

-3-

*did not* present a reasonable ground to believe that petitioner was incompetent." *Harris*, 346 F.3d at 356 (italics in original).

## DISCUSSION

This Court accepts and adopts Magistrate Judge Baxter's treatment of petitioner's claim that Judge Dwyer committed constitutional error by failing to order a competency hearing. In his objection, petitioner specifically takes issue with Magistrate Judge Baxter's observation that the mental health records petitioner included as part of his petition were not relevant because they were from 2009 and 2010 and thus post-date the trial. Petitioner seeks an extension of time to obtain and submit mental health records from the pretrial and trial phase of his prosecution. He states that while at Oneida County Jail he was placed in "Residential Crisis" and in an observation cell because he was suicidal, that at some point after the trial he was placed in Central New York Psychiatric Center, and that in November 2009 (more than a year after his the judgment of conviction) he was transferred from Central New York Psychiatric Center to "Sullivan ICP" (apparently the Intermediate Care Program at Sullivan Correctional Facility).[1] The Court notes that the records petitioner submitted with his petition from 2009 and later state that prior to incarceration he had no history of mental health services.

Even assuming that petitioner now produced medical records consistent with the allegations in his objection, any such records would not assist petitioner because "[i]t is axiomatic that in reviewing whether this obligation [to order a competency hearing] was properly discharged, only evidence before the court at the time its decision was made is pertinent." *Harris*,

---

[1] Although the trial ended in June 2008, petitioner may intend to argue that post-trial events are relevant as supporting his claim that his mind was "deteriorating" during the trial.

-4-

346 F.3d at 350. In any event, even assuming that petitioner produced, and this Court considered, medical records consistent with the factual allegations in petitioner's objection, on this record the Court would hold that he was not entitled to relief under section 2254. As the facts summarized in the Report and Recommendation demonstrate, there is ample evidence in the record that throughout his prosecution, petitioner possessed "the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense." *Drope*, 420 U.S. at 171. He understood the charges and the relevant legal issues. At trial he testified that he was innocent and that his confession resulted from undue police pressure. He asserted that the victim and her mother falsely accused him, and he attempted to explain why they did so. He also challenged a tape recording of an inculpatory telephone conversation with the victim's mother. Petitioner's lawyer did not move for a competency hearing or suggest that he was incompetent. Nor did petitioner's conduct at trial or the communications between petitioner and Judge Dwyer at trial show that it was objectively unreasonable for Judge Dwyer not to have ordered a competency hearing. The Court concludes that it was not objectively unreasonable for Judge Dwyer to have concluded, and the Fourth Department to have agreed, that the circumstances did not present a reasonable ground to believe that petitioner was incompetent. Accordingly, this claim lacks merit. Because medical records would not change this result, petitioner's request for an extension of time is denied.

The Court has reviewed Magistrate Judge Baxter's handling of the other issues in this proceeding and finds no clear error. The Court adopts the Report and Recommendation in its entirety. The petition is denied and dismissed. Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2), and a certificate of

appealability shall not issue.

## CONCLUSION

It is therefore

ORDERED that the Court adopts the Report and Recommendation (Dkt. No. 41) in its entirety; and it is further

ORDERED that the petition is denied and dismissed; and it is further

ORDERED that the case is closed; and it is further

ORDERED that a certificate of appealability shall not be issued; and it is further

ORDERED that the Clerk of the Court is directed to serve copies of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

IT IS SO ORDERED.

June 29, 2017
Syracuse, New York

_____
Norman A. Mordue
Senior U.S. District Judge